PEOPLE ex rel. GOLLUBIER v. LYNCH, Justice.

(Supreme Court, Special Term, New York County. May, 1911.)

COURTS (§ 189*) — SUPPLEMENTARY PROCEEDINGS — RECEIVERS — DISCHARGE — JURISDICTION.

Under Code Civ. Proc. §§ 2434, 2441, 2471, relative to supplementary proceedings, the receiver appointed in such a proceeding, based on a judgment recovered in the Municipal Court of the City of New York, is, like a receiver appointed in proceedings based on the judgment of any other court, subject to the direction and control of, and therefore can be discharged only by, the court out of which the execution issued, though such proceeding on such judgment is expressly required to be "instituted" before a justice of the City Court of the City of New York.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Application by the People, on the relation of Adelina Gollubier, for mandamus to Richard T. Lynch, Justice of the City Court of the City of New York. Denied.

Martin Gollubier, for relator.

GIEGERICH, J.   This is an application for a writ of mandamus directed to one of the justices of the City Court of the City of New York, requiring him to act upon an application heretofore made to him to discharge a receiver in supplementary proceedings.   The proceedings supplementary to execution were instituted before one of the justices of the City Court, and were based upon a judgment recovered in the Municipal Court of the City of New York, a transcript of which had been filed and the judgment docketed in the office of the clerk of the county of New York.   An execution was thereafter issued out of this court and was returned unsatisfied, whereupon the proceedings supplementary to execution were instituted and a receiver was appointed by one of the justices of the City Court.   The justice of the City Court refused to entertain the application for the discharge of the receiver upon the ground of lack of jurisdiction; hence the present application to require him to take jurisdiction and act upon it.

I think the learned justice of the City Court was right in declining to act, for the reason given by him.   Section 2434 of the Code of Civil Procedure provides for the institution of proceedings supplementary to execution, and, as a reading of that section will show, such proceedings may be instituted before a number of different judges, either in the county from which the execution issues or in the county to which it is issued.   By section 2441 of the Code it is provided that the judge (meaning the judge before whom the proceeding is instituted) may make an order for the examination of the judgment debtor at a time and place to be specified in the order.   By section 2464 of the Code it is provided that the judge before whom the order is made returnable may appoint a receiver.   By the express provisions of section 2471 of the Code a receiver so appointed is subject to the direction and control of the court out of which the execution issued.   It is thus clearly provided that although the proceedings may be instituted before a variety of judicial officers, and either in the county from which the execution issues or in the county to which it is issued, according to circumstances, and though the receiver may be appointed by any of these judicial officers before whom the proceeding happens to be instituted, the receiver is nevertheless subject to the control and direction of a single tribunal, namely, the court out of which the execution issues. By the provisions of section 2434, when the judgment is recovered in the Municipal Court of the City of New York, the proceedings must be *instituted* before a justice of the City Court of the City of New York.   In this class of cases, therefore, the general provisions of the statute as to the choice of the judge before whom the proceedings shall be commenced are limited.   But there is no other special provision with regard to such judgment, and there can be no ground for saying that the provisions of the act which direct the proceedings to be so instituted are in any way in conflict with or in any way modify the express provisions of section 2471 with regard to the later stages of the proceeding after the appointment of the receiver.   The two provisions are not only entirely consistent with each other, but are entirely consistent with the general provisions of the statute in that

regard, as already shown. I think it is to be regretted that these matters should be drawn into the Supreme Court, but in view of the plain language of the statute the court has nothing to do but to apply it.

Application denied.

---

(71. Misc. Rep. 175.)